```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
JAMODA AHMED,

                    Plaintiff,              MEMORANDUM & ORDER
                                            19-CV-5582 (EK)(JO)
        v.

ALEXANDRIA OCASIO-CORTEZ;¹ JOSEPH
CROWLEY,

                    Defendants.
----------------------------------x
```

ERIC KOMITEE, United States District Judge:

On September 26, 2019, plaintiff Jamoda Ahmed, proceeding *pro se*, filed this action seeking injunctive relief and damages against U.S. Representative Alexandria Ocasio-Cortez and former Representative Joseph Crowley of New York's 14th Congressional District. On December 18, 2019, Plaintiff filed an amended complaint. On July 22, 2020, Plaintiff paid the filing fee.² The action is dismissed as frivolous for the reasons set forth below.

**I. Standard of Review**

A complaint must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

---

¹ Representative Ocasio-Cortez's name is not hyphenated in the case caption in the complaint; however, the Court recognizes the correct spelling of her name.

² Plaintiff's *in forma pauperis* application, filed on September 26, 2019, is denied as moot.

1

*Twombly*, 550 U.S. 544, 570 (2007). At the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). Because *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, the Court reads Plaintiff's complaint liberally, holding it to less stringent standards than a formal pleading drafted by a lawyer. *Erickson v. Pardus*, 551 U.S. 89 (2007).

A district court must dismiss a case on its own initiative, however, if it determines that the action is frivolous – even when it is brought by a *pro se* plaintiff. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000). An action is "frivolous" if "it has no arguable basis in law or fact" or if "it is clear that the defendants are immune from suit." *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989)).[3]

## II. Discussion

Plaintiff asserts few allegations in her original complaint. She alleges that for the past ten years, the federal

---

[3] The Second Circuit has written that "district courts are especially likely to be exposed to frivolous actions and, thus, have [a] need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources." *Fitzgerald*, 221 F.3d at 364.

2

government has discriminated against and harassed her due to her religion, race, and gender. Compl. at 4,[4] ECF No. 1. Without explanation, Plaintiff lists cases and laws that defendants allegedly violated, including the "Disable Act," "Jim Crow laws," *Smith v. Allwright*, and *Shelley v. Kraemer*. *Id.* at 3. The complaint also states that "federal congressional members . . . killed [plaintiff's] family members" and that Plaintiff has been put on a federal "red flag" list. *Id.* at 4.

On December 18, 2019, Plaintiff filed a document that she styled as an amended complaint. Am. Compl., ECF No. 6. Other than the caption identifying it as such, the 173-page document has no markings of a superseding complaint: it sets forth no statement of claim, assertion of jurisdiction, or request for relief. Instead, included within are multiple copies of letters to the Honorable William F. Kuntz, II, which Plaintiff appears to have submitted as part of a prior action asserting largely the same claims against Senator Gillibrand. *See Ahmed v. Gillibrand*, No. 19-CV-3985 (WFK) (dismissed Dec. 6, 2019 for lack of jurisdiction);[5] *see also, e.g.*, Am. Compl. at 3-5, 11-13, 20-22, 49-54. The document otherwise contains

---

[4] Page citations refer to the pagination assigned by ECF.

[5] Plaintiff's other prior actions against federal legislators in this district have also been dismissed. *Ahmed v. Congressmember Nydia Velasquez*, No. 11-CV-4456 (RRM) (dismissed Oct. 25, 2011); *Ahmed v. Maloney,* No. 10-CV-5102 (RRM) (dismissed Apr. 1, 2011).

photographs and screenshots of various events and records – including, for example, what appears to be a photograph of Plaintiff in the hospital; an optometry prescription;[6] a photograph of Plaintiff voting; and an email concerning an application for disability benefits.  None of these forms the basis of a claim against defendants.

Regardless, this lawsuit must be dismissed because the defendants, a current and a former member of the House of Representatives, are immune from suit for legislative acts. Under the Speech or Debate Clause of the Constitution, members of the United States Congress enjoy absolute immunity from civil liability for conduct that falls "within the sphere of legitimate legislative activity." *Eastland v. U. S. Servicemen's Fund*, 421 U.S. 491, 503 (1975) (discussing U.S. Const. art. I, § 6, cl. 1); *Supreme Court of Va. v. Consumers Union of the U.S., Inc.,* 446 U.S. 719, 732–33 (1980) (legislative immunity applies to actions for damages and for injunctive relief).

---

[6] The record contains additional copies of Plaintiff's optometry prescription.  Am. Compl. at 61, ECF No. 6; Am Compl. Cont. at 53, ECF No. 6-1.  No motion to seal has been filed; however, courts routinely seal medical records, which are confidential under federal law.  *See, e.g.*, *Dilworth v. Goldberg*, No. 10-CV-2224, 2014 WL 3798631, at *2 (S.D.N.Y. Aug. 1, 2014); *Hand v. New York City Transit Auth.*, No. 11-cv-997, 2012 WL 3704826, at *5 (E.D.N.Y. Aug. 26, 2012) ("Federal law generally treats medical records as confidential.").  The Clerk of Court is directed to seal ECF Nos. 6 and 6-1.

4

### III. Conclusion

This action is dismissed as frivolous. *Fitzgerald*, 221 F.3d at 363-64; *Montero v. Travis*, 171 F.3d at 760. The Court has considered affording Plaintiff a chance to amend the complaint, but concludes that such opportunity would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Plaintiff has not simply "inadequately or inartfully" pleaded potentially viable claims, but rather sued for reasons that are not cognizable under federal law. *See id.* Although Plaintiff paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to seal ECF Nos. 6 and 6-1. Plaintiff's *in forma pauperis* application, ECF No. 2, is denied as moot. The Clerk of Court shall enter judgment and close this case.

SO ORDERED.

/s Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:   August 6, 2020
         Brooklyn, New York