UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------x

JAMODA AHMED,

                  Plaintiff,       **MEMORANDUM & ORDER**

                                    19-CV-5582 (EK)(JO)

        v.

ALEXANDRIA OCASIO-CORTEZ; JOSEPH
CROWLEY,

                  Defendants.

---------------------------------x

ERIC KOMITEE, United States District Judge:

      The Court dismissed this action as frivolous on August 6, 2020 and entered judgment the same day.  ECF Nos. 12, 13.  On August 25, 2020, *pro se* Plaintiff filed a letter, designated on ECF as a "motion for reconsideration," asking the Court to "keep this case open" or grant leave to appeal. ECF No. 13 at 1.

      The Court construes the former request to be a motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure, because it was filed within twenty-eight days of the entry of judgment.  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d

Cir. 1995).  A party may not use a motion for reconsideration to relitigate issues already decided.  *Id.*

Plaintiff does not point the Court to any ground for reconsideration under this strict standard.  Rather, she repeats allegations that this Court already found to be frivolous. Also, Plaintiff, who is not proceeding *in forma pauperis*, argues that it was wrong to dismiss the case at this stage – before the deadline to serve Defendants.  However, the Court can dismiss a case as frivolous on its own motion, even if the plaintiff has paid the Court's filing fee.  *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000).  Accordingly, Plaintiff's motion for reconsideration is denied.

Plaintiff does have, however, the right to file a timely appeal of the August 6, 2020 Order, and needs no permission to do so.  *See, e.g.*, *Felder v. Filion*, 368 F. App'x 253, 255 (2d Cir. 2010); *see also* Fed. R. App. P. 4.  The Clerk of Court is respectfully requested to send an Appeals Packet to Plaintiff along with a copy of this Order and note the mailing on the docket.

In the event that Plaintiff elects to proceed *in forma pauperis* on appeal from this Order, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any such appeal would not be

taken in good faith and therefore denies *in forma pauperis* status.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: September 11, 2020
       Brooklyn, New York